IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PETER J. FUCHS,

      Plaintiff,                                        06cv0821

     v.                                          ELECTRONICALLY FILED

MERCER COUNTY,
MERCER COUNTY DISTRICT ATTORNEY'S OFFICE,
JAMES EPSTEIN, in his individual and official capacities,
WILLIAM MODER, in his individual and official capacities, and
ROBERT LEWIS, in his individual and official capacities,

      Defendants.

## Memorandum Opinion

After careful consideration of plaintiff's complaint, defendants' motion to dismiss, plaintiff's response, and the memoranda of law in support and in opposition, the Court will grant the motion to dismiss, and will dismiss the complaint with prejudice, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

Plaintiff claims that on November 15, 2002, he was at his brother's house, which was on fire, trying to assist his brother in the salvage operation, when a Police Officer with the Shenango Township, Pennsylvania Police Department got an attitude with him which eventually led to criminal charges against plaintiff. Plaintiff alleges that the Officer would not allow him to assist his brother, that the Officer became enraged when plaintiff politely explained that he was the victim's brother and was trying to assist, and that the Officer assaulted and injured him and then charged him with aggravated assault, simple assault, disorderly conduct, harassment, failure to disperse and resisting arrest. Plaintiff has reached a settlement with that Officer and Shenango Township.

Defendants herein are Mercer County and its District Attorney's Office, the District

Attorney, an Assistant District Attorney, and an investigator for the District Attorney's Office. Pursuant to 42 U.S.C. § 1983, plaintiff claims these defendants violated his right to substantive due process as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

At a preliminary hearing on February 5, 2003, the District Attorney's Office withdrew the aggravated and simple assault charges, but the remaining charges were held for Court. The complaint alleges that these defendants failed to interview witnesses whose testimony would have exonerated plaintiff, were highly selective in who they chose to interview, and did not turn over certain statements from a civil proceeding until 20 minutes before trial was scheduled to commence.

"Under these circumstances," plaintiff asserts, he "considered that a fair trial would be impossible, and he felt compelled to accept the offer of the D.A.'s Office to plea bargain because he was afraid he might go to jail for something he did not do." Complaint, ¶ 35. The complaint does not allege that he appealed his guilty plea, directly or by collateral review, or that the conviction was ever overturned or questioned in any way by any court. Moreover, plaintiff does not allege that he did not have an attorney when he entered his guilty plea in the Court of Common Pleas of Mercer County, and counsel conceded at oral argument that he had been counseled. By his admissions, plaintiff sows the seeds for dismissal of his claims. Although plaintiff makes a valiant effort to posture the case in such a way as to avoid the well established principles of *Heck v. Humphrey* and *Imbler* prosecutorial immunity, this is a classic case for application of both principles.

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County*

*Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987). Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that where success in a prisoner's section 1983 damages malicious prosecution action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. A civil rights action raising these claims cannot be maintained unless plaintiff's conviction is reversed on direct appeal or impaired by collateral proceedings. This prerequisite obtains to claims arising from the plaintiff's investigation and prosecution, whether packaged as substantive due process, malicious prosecution or something else. See *Albright v. Oliver*, 510 U.S. 266, 275 (1994) (section 1983 malicious prosecution claim

may not be predicated on denial of substantive due process); *Torres v. McLaughlin*, 163 F.3d 169, 172-73 (3d Cir. 1998). *Heck v. Humphrey* bars plaintiff's claims, therefore, against all defendants.

Furthermore, in initiating prosecutions and in presenting the state's case, the defendant prosecutors are completely immune from civil suit for damages under section 1983. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992). In *Imbler*, the Supreme Court recited several public policy considerations for granting absolute immunity to prosecutors from section 1983 claims stemming from their advocacy as prosecutors: (1) a prosecutor's exercise of independent judgment would be compromised if he or she were threatened with suits for damages for actions in initiating criminal cases; (2) the prosecutor's energies would be diverted from his or her official duties if forced to defend against section 1983 actions, and prosecute the case "defensively" looking over his or her shoulder; and (3) a post-trial decision in favor of the accused might result in a section 1983 action against the prosecutor for alleged errors or mistakes in judgment. *Imbler*, 424 U.S. at 425-27.

Prosecutors also are immune from liability for their participation in probable cause hearings and for seeking the issuance of search warrants from courts. *Burns v. Reed*, 500 U.S. 478, 487 (1991). Prosecutorial immunity applies even if the prosecutor acted wilfully, maliciously, or in bad faith. *Imbler*, 424 U.S. at 427, 428 n. 27; *Ernst v. Child & Youth Servs. of Chester County*, 108 F.3d 486, 502 (3d Cir. 1997). *See, e.g. Kulwicki, supra* at 1465 (listing "examples of prosecutorial activities protected by absolute, as opposed to qualified, immunity" including: soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings; eliciting false or defamatory statements from witnesses in a judicial proceeding; even interviews generating evidence to be presented to a grand jury are absolutely protected);

*Benckini v. Ford*, ___ F.Supp. 2d ___, 2005 WL 1427688 (E.D.Pa. 2005) ("The acts alleged against [the prosecutor] -- withholding evidence; presenting secret closing arguments; putting witnesses on the stand who [the prosecutor] knew would commit perjury; conspiring with a judge to prevent a fair trial; and prosecuting a case out of spite, all clearly arose in the course of the Commonwealth's prosecution of Benckini. [The prosecutor] therefore is absolutely immune from suit for these actions, even accepting Benckini's allegations as true." numerous citations omitted)).  Handling evidence and prepping witnesses, moreover, clearly falls within a prosecutor's duties of initiating and presenting the State's case.  *Henderson v. Fisher*, 631 F.2d 1115, 1120 (3d Cir. 1980)).  *See also Gibbs v. Deckers*, 234 F.Supp.2d 458, 462-63 (E.D.Pa. 2002) (holding that concealment of exculpatory evidence is protected by prosecutorial immunity); *Douris v. Schweiker*, 229 F.Supp.2d 391, 399 (E.D.Pa. 2002) ("withholding exculpatory evidence is a quasi-judicial act protected by absolute immunity").

However, the Supreme Court has held that prosecutorial immunity does not apply when a prosecutor's conduct falls outside of the traditional advocacy functions, such as when the prosecutor engages in "investigative" or "administrative" functions, or where they hold press conferences or do other acts not usually associated with traditional advocacy functions.  *See, e.g., Imbler*, 424 U.S. at 430-31; *Mitchell v. Forsyth*, 472 U.S. 511, 521 (1985) (prosecutor involved in wiretapping); *Burns*, 500 U.S. at 496 (giving legal advice to police during a police investigation); *Buckley, supra* (making false statements at a press conference).

Plaintiff candidly admits that United States Supreme Court and United States Court of Appeals for the Third Circuit case law is against him, but hopes that the law will change one day and that this case will be the vehicle to do it.  From the complaint, however, there is nothing particularly egregious about defendants' conduct in initiating and presenting the case against

plaintiff that would make it a likely agent of change of the well established rules derived from *Heck* and *Imbler*. Even if it was such a vehicle, however, this Court is not at liberty to disregard binding precedent. Accordingly, the motion to dismiss will be granted.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc:     All counsel of ECF record